UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

EIDERLYN SANCHEZ ARISTIGUETA,          )
                                        )
                    Petitioner,         )
                                        )
          v.                            )          No. 4:26-cv-00118-SEB-KMB
                                        )
TAMMY MARICH Acting Director, Chicago   )
Field Office, Immigration and Customs   )
Enforcement, in her official capacity,  )
*et al.*,                               )
                                        )
                    Respondents.        )

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS**

Noncitizen Eiderlyn Sanchez Aristigueta petitions for a writ of habeas corpus. She challenges the lawfulness of her continued detention at the Clark County Jail, where she is detained on behalf of U.S Immigration and Customs Enforcement (ICE). The Court **grants** Ms. Sanchez Aristigueta's petition and orders the respondents to either afford her a bond hearing or release her from custody.

**I. Facts**

Ms. Sanchez Aristigueta is a native and citizen of Venezuela. She entered the United States without inspection in 2022 at age 15. She obtained employment authorization and a social security number. She has a pending asylum application. Until March 2026, the government took no action to remove her or detain her pending removal. Dkt. 1 at 4–5.

On March 4, Ms. Sanchez Aristigueta was traveling in Elizabethtown, Kentucky. State Patrol Officers subjected Ms. Sanchez Aristigueta and her companions to a traffic stop, the basis for which is undocumented. Dkt. 7-1 at 2.

The Kentucky authorities contacted ICE.

Immigration Officer Cloyd issued an administrative warrant "command[ing]" that Ms. Sanchez Aristigueta be taken into federal custody under 8 U.S.C. § 1226. *Id.* at 9. That day, ICE took custody of Ms. Sanchez Aristigueta pursuant to the administrative warrant. *Id.* at 2. The following day, the Department of Homeland Security initiated a removal proceeding. *Id.* at 5.

Ms. Sanchez Aristigueta has remained in custody since her arrest and is currently detained at the Clark County Jail. She has not received a bond hearing.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Ms. Sanchez Aristigueta argues that her continued detention violates the Immigration and Nationality Act (INA) and the Fifth Amendment's Due Process clause. The respondents answer that the INA not only authorizes but requires the government to detain Ms. Sanchez Aristigueta through the conclusion of her removal proceedings.

Ms. Sanchez Aristigueta's continued detention without possibility of bond violates the INA and entitles her to habeas relief in the form of a bond hearing. On this basis, the Court grants her petition in part and denies it in part.

### A.    8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v.*

*Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole[.]

An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see* also 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall

order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission is not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B.    Ms. Sanchez Aristigueta's Detention Is Authorized by § 1226(a)**

The record reflects that Ms. Sanchez Aristigueta's detention is authorized by § 1226(a). As discussed further below, this makes her eligible for a bond hearing, and her continued detention without a bond hearing violates the INA.

The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Ms. Sanchez Aristigueta who have lived in the interior of the United States for years. *See, e.g.*, *Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029424, at *3–5 (S.D. Ind. Oct. 30, 2025). As the Court has previously explained, the respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the

relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See Alejandro v. Olson*, No. 1:25-CV-02027-JPH-MKK, 2025 WL 2896348, at *14–19 (S.D. Ind. Oct. 11, 2025).

In *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, a decision that carries persuasive authority due to its procedural posture,[1] the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th 1048, 1061 (7th Cir. 2025) (*Castañon-Nava I*). This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion.

The respondents urge the Court to deviate from its previous decisions. They support that position with citations to numerous decisions upholding the government's interpretation of § 1225(b)(2)(A), including two recent circuit court decisions: *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

In *Buenrostro-Mendez*, the Fifth Circuit found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503. In *Avila*, the Eighth Circuit similarly held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." 170 F.4th 1128, 1135 (8th Cir. 2026).

---

[1] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

In contrast, three circuit courts have rejected the respondents' expansive interpretation of § 1225 in recent weeks and embraced reasoning similar to the Seventh Circuit's in *Castañon-Nava I. See Lopez-Campos, et al. v. Raycraft, et al.*, Nos. 25-1965/1969/1978/1982, --- F.4th ---, 2026 WL 1283891 (6th Cir. May 11, 2026)[2]; *Hernandez Alvarez v. Warden*, et al., No. 25-14065, --- F.4th ---, 2026 WL 1243395 (11th Cir. May 6, 2026);[3] *Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28, 2026).[4]

The Court is not convinced that, once it reaches the merits of the issue, the Seventh Circuit will depart from *Castañon-Nava I* (and disagree with the Second, Sixth, and Eleventh Circuits) to instead follow *Buenrostro-Mendez* or *Avila*. Therefore, the Court continues to rely on *Castañon-Nava I* as persuasive precedent.[5]

---

[2] "We therefore find that an 'applicant for admission' is not necessarily 'seeking admission.' Because no Petitioner is alleged to be seeking admission or lawful entry into the United States, § 1225(b)(2)(A)'s mandatory detention scheme does not apply to them. And since '§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings,' Petitioners could have been detained pursuant to only § 1226." *Id.* at *11.

[3] "Simply put, the language that Congress has chosen to use does not grant to the Executive unfettered authority to detain, without the possibility of bond, every unadmitted alien present in the country. Nowhere in the text, structure, or history of the INA does that reading find steady footing. We are obliged to read the words found in the statute—'an alien who is an applicant for admission' and 'an alien seeking admission'—in line with the meaning Congress has given them. When we do so, it appears to us that Congress has instead preserved the longstanding border-interior distinction for purposes of detention, a position it has taken for over a hundred years." *Id.* at *21.

[4] "Although divided panels in two other circuits have agreed with the government, . . . we respectfully find the statutory analysis in those decisions, which largely mirrors the government's flawed arguments in this case, to be unpersuasive." *Id.* at *4. "Although divided panels in two other circuits have agreed with the government, . . . we respectfully find the statutory analysis in those decisions, which largely mirrors the government's flawed arguments in this case, to be unpersuasive. . . . [B]ecause Section 1225(b)(2)(A) applies only to a noncitizen who is both an 'applicant for admission' and 'seeking admission,' it does not apply to Petitioner." *Id.* at *4, *6.

[5] The Seventh Circuit has also issued its merits ruling in *Castañon-Nava*, --- F.4th ----, 2026 WL 1223250 (7th Cir. May 5, 2026) (*Castañon-Nava II*). The ultimate issue in *Castañon-Nava* was ICE's compliance with a consent decree prohibiting it from arresting noncitizens without warrants. While one judge reaffirmed the § 1225-1226 analysis that resolved the preliminary injunction motion, one reaffirmed his dissent from that analysis, and one found the § 1225-1226 issue was not necessary to resolve the case on

Furthermore, the respondents' legal reasoning cannot be reconciled with the government's treatment of Ms. Sanchez Aristigueta. When the government learned of Ms. Sanchez Aristigueta's presence in the United States, it did not initiate removal proceedings or detain her pending removal. Rather, the government accepted her asylum application and facilitated her continued residence in the United States. When the government arrested her in March, it did so subject to a warrant citing § 1226. The government cannot now plausibly maintain that she is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *See Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *6 (S.D. Ind. Oct. 30, 2025) (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

In sum, the record demonstrates that Ms. Sanchez Aristigueta's detention is authorized only by § 1226(a), entitling her to consideration of bond.

**C.    Scope of Relief**

Ms. Sanchez Aristigueta is eligible for release on bond under § 1226(a), and she has not received a bond hearing. Her continued detention without a bond hearing therefore violates "the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984).

Ms. Sanchez Aristigueta argues that she is entitled to immediate release from custody. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, Ms. Sanchez Arisitigueta maintains—and the Court agrees—that she is

---

the merits. Accordingly, *Castañon-Nava I*'s preliminary injunction ruling remains persuasive authority as the only Seventh Circuit panel decision on the § 1225-1226 issue.

subject to § 1226(a), which allows the government to "continue to detain" her. 8 U.S.C. § 1226(a)(1). Ms. Sanchez Aristigueta's custody is not unlawful because of the very fact that she is detained. Rather, her custody is unlawful because she has not received the bond hearing that the law requires. Therefore, the Court grants Ms. Sanchez Aristigueta's petition and orders the respondents to afford her a bond hearing or release her from custody.

**D.     Remaining Claims**

Because the Court has found that Ms. Sanchez Aristigueta's detention violates the INA, it need not reach her claims that her detention violates related regulations or the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

For related reasons, the Court also does not reach her argument that, if her relief is limited to a bond hearing, the Court must place specific constraints on the immigration judge's decision-making. The Seventh Circuit has not answered the question of who bears the burden of proof in an administrative bond hearing, and the circuits that have answered the question have not answered in unison. Section 1226 is silent as to the burden of proof, so Ms. Sanchez Aristigueta's argument must be purely constitutional. A bond hearing without Court-imposed instructions regarding the burden of proof may yet result in her release on bond, or it may result in the denial of bond for reasons unrelated to the burden of proof. Ms. Sanchez Aristigueta's detention is currently unlawful because she has been deprived of a bond hearing—not because the government conducted a bond hearing that failed to conform to specific standards. At this point, it is prudent for the Court to avoid an unnecessary constitutional decision. *Thomas*, 697 F.3d at 613.

### III. Conclusion

The petition for a writ of habeas corpus is **granted** insofar as the respondents will have **ten days**[6] to either (1) provide Ms. Sanchez Aristigueta with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations, or (2) release her from detention under reasonable conditions of supervision. The attorney general shall notify Ms. Sanchez Aristigueta's counsel of the scheduling of the bond hearing. Respondents must file documentation certifying that they have either provided the bond hearing or released Ms. Sanchez Aristigueta within two days after the hearing or her release, whichever is applicable.

The petition is **denied** to the extent it seeks immediate release.

The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date:      6/1/2026

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Matthew Charles Conway
The Conway Law Office, PLLC
mconwaylaw@yahoo.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov

---

[6] This deadline may be modified without need for Court involvement upon agreement by Ms. Sanchez Aristigueta and the federal respondents.